USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _12/6/11_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FIREMAN'S FUND INS. CO., et al.,                    :     ORDER

                                Plaintiffs,          :     10 Civ. 1653 (JPO) (JLC)

                - against-                            :

GREAT AM. INS. CO. OF N.Y., et al.,                  :

                                Defendants.          :
----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

By Order dated November 15, 2011, the parties were directed to contact the Court by

November 18, 2011 to provide at least two possible dates in January, 2012 when all counsel and

their clients would be available for a settlement conference. After multiple conversations with

members of my staff, the parties have not informed the Court of two dates (or even one date) that

would be mutually convenient to all counsel and their clients. Accordingly, the parties are

directed to appear for a settlement conference before the undersigned on January 27, 2012 at

9:30 a.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York.

Given the number of parties, counsel and their clients should plan to be available for the entire

day.

The Court's "Standing Order for All Cases Referred for Settlement to Magistrate Judge

James L. Cott" is enclosed and is incorporated herein by reference. Please read the Standing

Order carefully. The parties are directed to pay particular attention to paragraph 4, which sets

forth who must appear at the conference on behalf of a corporate party. The parties should also

note that paragraph 3 of the Standing Order requires ex parte written submissions, which must be

received by the Court no later than five (5) business days before the conference, that is, January

20, 2012, and that paragraph 5 requires the Acknowledgment Form be submitted together with the ex parte settlement letter.

Furthermore, as discussed at the November 15, 2011 conference, given the preference to engage in settlement negotiations prior to the filing of any motions to compel, the scheduling order as to the motions shall be modified as follows:

1.  Any motions to compel shall be served and filed by February 6, 2012;

2.  Opposition papers shall be served and filed by March 6, 2012; and,

3.  Reply papers shall be served and filed by March 20, 2012.

Prior to moving to compel, the parties shall meet and confer concerning the subject of any such motion.

**SO ORDERED.**

Dated:      December 6, 2011
            New York, New York

                                                _____
                                                JAMES L. COTT
                                                United States Magistrate Judge

**Copies of this Order have been sent by ECF to all counsel.**

2

Revised February 18, 2011

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

## Standing Order for All Cases Referred for Settlement
## to Magistrate Judge James L. Cott

Chambers
Room 1360
United States Courthouse
500 Pearl Street
New York, NY 10007
Telephone: (212) 805-0250
Facsimile: (212) 805-7990

Courtroom
Room 18-A
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Introduction

The Court believes the parties should fully explore settlement at the earliest opportunity. Early consideration of settlement allows the parties to avoid the substantial cost, expenditure of time, and uncertainty that are typically a part of the litigation process. Even for those cases that cannot be resolved, early consideration of settlement can provide the parties with a better understanding of the factual and legal nature of their dispute and streamline the issues to be litigated.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court will require the parties and counsel to follow and the procedures the Court typically will employ in conducting the conference.

1. Confidential Nature of Conference. All settlement conferences are "off the record." All communications relating to settlement are strictly confidential and may not be used for any purpose. They are not to be used in discovery and will not be admissible at trial.

2. Magistrate Judge's Role. The magistrate judge functions as a mediator, attempting to help the parties reach a settlement. Efficient use of this process requires that counsel and their clients be (a) prepared for the conference, and (b) candid with the mediator.

3. Ex Parte Settlement Letter. No later than five (5) business days before the conference, counsel for each party must send the Court a letter, marked "Confidential Material for Use Only at Settlement Conference," which should not be served on the other parties. This ex parte letter must not exceed ten (10) pages, unless permission to do so has been sought and granted by the court. The letter should include (a) the history of settlement

1

negotiations, if any, including any prior offers or demands; (b) your evaluation of the settlement value of the case and the rationale for it; (c) any case law authority in support of your settlement position; and (d) any other facts that would be helpful to the mediator in preparation for the conference. The reason the letter is to be submitted ex parte is to ensure that counsel are candid with the Court as to the strengths and weaknesses of their case, and to provide a realistic assessment of the litigation risks each party faces were the case to be resolved on the merits. To assure receipt before the deadline, it is recommended that the settlement letter be sent to Chambers by fax – to (212) 805-7990. If the letter is sent by fax, please do not follow with a hard copy.

If the plaintiff has not already made a settlement demand, such a demand shall be communicated to the opposing party no later than 14 days prior to the conference. If it has not already done so, the opposing party shall respond to any demand no later than 7 days thereafter.

4.      Attendance of Parties Required. The parties – not just the attorneys – must attend in person. A party's attendance is essential to the settlement process. It is vital that parties hear the other side's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. If a party resides more than 100 miles from the Courthouse, and it would be a great hardship for the party to attend in person, I will sometimes excuse that party's presence but I will require that party to be available by telephone throughout the settlement conference. If needed by a client, each party must supply its own simultaneous interpreter (who need not have any special certification).

Corporate parties or labor unions must send the person with decision-making authority who gives directions to counsel of record (not someone who has received settlement authority from someone else). Where liability insurance is involved, a decision-making representative of each carrier must attend in addition to the insured. This includes each excess carrier unless specifically excused by the Court at least one week before the conference. Because it is important that the decision-makers with respect to settlement hear their adversaries' presentations and be available to answer questions from the Court, the person who attends must be the person with responsibility for determining the amount of any ultimate settlement and who has not had limitations placed by another person with respect to his or her authority to settle. That is, corporate parties, labor unions, and insurance companies (or any other party that is not a natural person) must send to the conference the person ultimately responsible for giving settlement authority, not someone who has received authority from someone else.

Where any government agency is a party, counsel of record must be accompanied by a knowledgeable representative from the agency (or, if the agency official with knowledge is more than 100 miles from the Courthouse, the official must be available to participate by telephone). In addition, in cases where the Comptroller of the City of New York has authority over settlement, the Assistant Corporation Counsel must make arrangements in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone to approve any proposed settlement.

2

5.   Acknowledgment Form. Counsel shall complete the Acknowledgment Form that appears following this Standing Order. This Form must be submitted together with the Ex Parte Settlement Letter and may be sent to the Court via facsimile at (212) 805-7990. If sent by fax, please do not also send a hard copy.

6.   Consequences of Non-Compliance with Attendance Requirements. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from each insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses, and may face other sanctions.

7.   Conference Procedures. Unless advised otherwise by the Deputy Clerk, the conference will take place in Courtroom 18A at 500 Pearl Street. At the outset of the mediation, each attorney should be prepared to make a brief presentation in the presence of each other and the parties, summarizing not merely a party's positions, but the party's interests as well. Written remarks read aloud are usually ineffective. Counsel are also reminded not to treat their opening remarks as if they were the equivalent of a jury address. While there is no formula for the most effective presentation, counsel should consider addressing (a) the most important issues of fact and law, (b) the most recent offer or demand communicated to opposing counsel, and (c) any other matters that may help to advance settlement. The merits of the case are obviously relevant to the value of a potential settlement, but settlement conferences are not the place to make legal arguments. Discussion, if any, of legal issues should be offered solely in the context of settlement, not litigation. Counsel should gear their presentation to persuading the opposing party, not the Court.

Following the presentations, the Court will allow counsel to respond to points made by opposing counsel and, if appropriate, to pose constructive questions. Clients may speak too if that is desired. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to discover creative means for resolving the dispute.

After the initial "joint session," in most mediations the Court will meet separately with each side. In these private meetings, the parties and their counsel should be prepared to discuss their position on settlement, the reasons for their position, the amount of attorneys' fees and litigation expenses incurred to date, and an estimate of the remaining cost of litigating the case to judgment, including any appeal.

8.   Adjournments of Settlement Conferences. Telephone requests for adjournment are not entertained. A party may make an application to adjourn or advance the date of the settlement conference without providing cause as long as the application for a change in date is made at least two weeks prior to the scheduled conference date. Otherwise, counsel should set forth the reasons for seeking the change in date and must make the application as soon as counsel becomes aware of the need of or potential need for the change. In addition, the parties are required to seek a change in the date if (a) an

3

adjournment would permit necessary discovery or exchange of information that would make the conference more fruitful, or (b) a client who would otherwise be permitted to participate by telephone would be available to attend the conference were it held on another date. To seek a change in date, the party should first consult with all other counsel as to their and their clients' (and insurers') availability on at least three dates. Counsel should thereupon contact Deputy Clerk David Tam at (212) 805-0250 between 10 a.m. and 4 p.m. to determine whether the Court is available for a settlement conference on any of those dates. The party must then send a letter to the Court forthwith (which may be sent by facsimile to (212) 805-7990), with copy to all counsel, confirming the new date and time. <u>The conference date is not changed until chambers receives the confirmation letter and it is endorsed by me.</u>

9.  <u>Settlement in Advance of Mediation</u>. If all parties advise the Court in writing that the case has settled prior to the scheduled conference, I will grant one adjournment of up to two weeks to a date certain. On that date, the parties must attend the settlement conference unless they have filed a stipulation of dismissal or the equivalent with the assigned district judge. Courtesy copies of settlement documents, to the extent submitted to the assigned district judge, should also be sent to me.

10. <u>No Effect on other Deadlines</u>. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

JAMES L. COTT
United States Magistrate Judge

Dated: New York, New York
February 18, 2011

4

ACKNOWLEDGMENT FORM

Complete this form (please print or type) or its equivalent, sign and date it, and send it (for receipt no later than five business days prior to the conference) (1) to all other attorneys who will be attending the conference and (2) to Judge Cott (if sent by fax, the fax number is (212) 805-7990). Please read the certifications below carefully as your signature indicates your compliance with them.

**Name of Case:**
**Docket Number:**       __ Civ. __ (___) (JLC)

I acknowledge that my client and I must attend a settlement conference on _____ __,
20___ at ___:___ __.m. in Courtroom 18-A, United States Courthouse, 500 Pearl Street, New York, New York.

1.      I am attorney for _____
[state name of party/also state whether party is plaintiff or defendant].

          (For corporate or other non-individual clients): The name of the representative of
my client who will attend the conference
is:_____. The title of this representative
is:_____.

          If applicable (for insurance carrier): The name of the representative of the insurance
carrier who will attend the conference is:_____

2.      CHECK ONE LINE BELOW:

        a.       _____ The above-named individual will attend in person.

        b.       _____ The above-named individual will attend by telephone because I certify that
                 (1) such individual lives and works more than 100 miles from the Courthouse (or,
                 if my client is not an individual, the client's decision-maker lives and works more
                 than 100 miles from the Courthouse), and (2) it would be a great hardship for this
                 individual to attend a settlement conference on this or any other date. This
                 individual understands that he or she must participate by telephone without
                 interruption for the duration of the conference.

3.      I certify that the person attending the conference (in person or by telephone) is the person
        with ultimate responsibility for determining the settlement amount: that is, the person
        responsible for giving settlement authority, not someone who has received authority from
        another person. In addition, if there is an insurance carrier with authority over
        settlement, a representative from such carrier with complete responsibility over
        settlement will be present in person or by telephone.

5

4.      I certify that I have read both the Court's Order scheduling this conference as well as the "Standing Order for All Cases Referred for Settlement to Magistrate Judge Cott."

Dated: _____

_____
[signature of attorney]

_____
[print attorney's name]

6