David S. Bland
Matthew C. Guy
Leblanc Bland P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans LA 70112
(504) 528-3088

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FIREMAN'S FUND INSURANCE COMPANY, ONE BEACON INSURANCE COMPANY, NATIONAL LIABILITY AND FIRE INSURANCE COMPANY and QBE MARINE & ENERGY SYNDICATE 1036,** | 10 civ 165310-JPO-JLC |
| Plaintiffs, | ECF CASE |
| v. | |
| **GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, MAX SPECIALTY INSURANCE COMPANY and SIGNAL INTERNATIONAL, L.L.C.** | |
| Defendants. | |

**SIGNAL INTERNATIONAL, L.L.C.'S MOTION TO COMPEL MAX SPECIALTY/ARCH RE'S RESPONSE TO DISCOVERY REQUESTS**

**NOW COMES,** through undersigned counsel, Defendant Signal International, L.L.C. ("Signal") which moves this Court to Compel Max Specialty Insurance Company's ("Max Specialty") production of certain documents requested during discovery and to compel Max Specialty to produce the file of or allow Arch Re Facultative Insurance Company's ("Arch Re") response to the subpoena requesting the production of reinsurance file on the AFDB-5 Drydock. Specifically, Signal seeks the production of the following documents:

- Any documents in Max's possession responsive to Signal's request for production of reinsurance communications or documents;

- Any documents responsive to the subpoena issued to Arch Re Facultative Insurance Company on June 30, 2011 that were turned over to Max Specialty and over which Max Specialty has asserted privilege;

- Max Specialty's complete claims file, including all file notes and the claim memorandum referenced by Mr. Cody Whittington during his deposition; and

- Any and all documents in Max Specialty's possession constituting reports or updates on Signal's claims from Nourse & Bowles law firm.

Signal specifically requests that this Court compel the production of the unredacted version of the documents identified by bates number as set forth in Exhibit A to Signal's Motion to Compel. In the event that the Court does not order an outright production of these documents, Signal requests that the Court conduct an *in camera* review of the documents to determine whether Max Specialty's assertion of privilege can be maintained.

Exhibit B hereto is Max Specialty's Privilege Log of Arch Re's documents. Exhibit C hereto contains the relevant excerpts of the deposition of Max Specialty's claim manager Cody Whittington.

WHEREFORE, for the reasons more fully set forth in its accompanying Memorandum in Support, Signal prays this Court grant its Motion and this Court compel Max Specialty to produce the documents named above.

Dated:   New Orleans, LA
         April 12, 2012

Respectfully submitted,

LeBlanc Bland P.L.L.C
Attorneys for Defendant
Signal International, L.L.C.


By: /s/ David S. Bland

David S. Bland
Matthew C. Guy
LeBlanc Bland P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans LA 70112
(504) 528-3088
dbland@leblancbland.com
mguy@leblancbland.com

STEPHEN P. KYNE
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800
kyne@burkeparsons.com

To:

Meryl R. Lieberman
Stephen D. Straus
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
Attorneys for Defendant
Max Specialty Insurance Company
Mid Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532

George R. Zacharkow, Esq
Stephen J. Galati, Esq.
MATTIONI, LTD.
Attorneys for Defendant
Great American Insurance Company of New York

399 Market Street, 2nd Fl.
Philadelphia PA 19106

John A.V. Nicoletti, Esq.
Robert Novak, Esq.
NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiffs
Fireman's Fund Insurance Company,
One Beacon Insurance Company,
National Liability and Fire Insurance Company
QBE Marine & Energy Syndicate 1036
Wall Street Plaza
88 Pine Street, 7th Fl.
New York NY 10005-1801