# LeBlanc | Bland

**DAVID S. BLAND**
Attorney-at-Law
Admitted in LA, TX
Email: dbland@leblancbland.com
Cell: (281) 900-8545

New Orleans Office:
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112
Office: (504) 528-3088
Fax: (504) 586-3419

Houston Office:
1717 St. James Place, Suite 360
Houston, Texas 77056
Office: (713) 627-7100
Fax: (713) 627-7148

June 20, 2012

**BY FAX (212) 805-7991**
Honorable J. Paul Oetken
United States District Judge
United States Courthouse
500 Pearl St., Room 620
New York, NY 10007-1312

**MEMO ENDORSED**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 2 2 2012

Re: *Fireman's Fund Insurance Company et al. v. Great American Insurance Company of New York, et al.*; Civil Action 10-cv-01653

Dear Judge Oetken:

Pursuant to Your Honor's standing individual practices, Signal International, LLC ("Signal") hereby requests a pre-motion conference regarding Signal's anticipated Motion for Partial Summary Judgment requesting a declaration that maritime law does not apply to the Excess Property Insurance Policy issued by Max Specialty Insurance Company ("Max Specialty"), that the marine insurance doctrine of *Uberrimae Fidei* is inapplicable to the disputes between Signal and Max Specialty, and that Signal is entitled to a trial by jury.

Signal previously submitted, on this date, a similar letter to Magistrate Judge Cott pursuant to his individual practices. Magistrate Judge Cott's Chamber informed us today that the Request for Pre-Motion Conference must be submitted to Your Honor pursuant to Paragraph 4(f) of your Individual Practices.

Max Specialty has alleged that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333(1) because Signal and Max Specialty's claims "concern disputes regarding marine Insurance contracts on vessels and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." Max Specialty's Amended Additional Crossclaims against Signal, ¶ 17, Rec. Doc. No. 89. Max Specialty has denied that Signal is entitled to trial by jury due to its misplaced insistence that the Excess Property Insurance Policy it issued is a policy of marine insurance. Max Specialty also maintains that the marine insurance doctrine of *Uberrimae Fidei* applies to Signal's procurement of the Excess Property Insurance Policy from

June 20, 2012
Page 2

Max Specialty again due to its misplaced contention that the AFDB-5 Drydock was a vessel and thus the Excess Property Insurance Policy a policy of marine insurance.

It is clear that crossclaims between Signal and Max Specialty are not 9(h) admiralty claims. Because the claims are not admiralty claims, Signal is giving notice of its intent to file a Motion for Partial Summary Judgment seeking:

1. A declaration that the Excess Property Insurance Policy is not a policy of marine insurance;

2. A declaration that the marine insurance doctrine of *Uberrimae Fidei* is inapplicable to Signal's procurement of the Excess Property Insurance Policy; and,

3. A declaration that Signal is entitled to a trial by jury.

Signal respectfully requests a conference with Your Honor and Max Specialty in order to move forward with its Motion for Partial Summary Judgment. Signal is confident that its Motion will eliminate certain procedural disputes and more narrowly focus on what must be decided at trial.

Respectfully submitted,

David S. Bland

DSB:rtv

cc:   Magistrate Judge James L. Cott (Via Fax)
      Meryl R. Lieberman / Stephen D. Strauss (Counsel for Max Specialty)(via Email)
      John Nicoletti / Robert Novak (Counsel for Fireman's Fund)(Via Email)
      George Zacharkow / Stephen Galati (Counsel for Great American)(Via Email)
      Steve Kyne (Co-Counsel for Signal)(Via Email)

*Counsel for the parties shall appear for a pre-motion conference on July 5, 2012 at 2:15 p.m.*

SO ORDERED:

J. PAUL OETKEN       6-22-12
U.S.D.J.