UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INS. CO., et al.,                :       ORDER

                Plaintiffs,                  :       10 Civ. 1653 (JPO) (JLC)

                -against-                  :

GREAT AM. INS. CO. OF N.Y., et al.,             :

                Defendants.                 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/12

**JAMES L. COTT, United States Magistrate Judge.**

      By Memorandum and Order dated July 3, 2012, I resolved the pending motions to compel except as they relate to Signal's request for Max's complete claims file and any documents in Max's possession constituting reports or updates on Signal's claims from its prior law firm. Because there remain significant questions related to these issues that cannot be resolved on the present record, **the Court will hold a hearing on Friday, July 20, 2012 at 9 a.m. in Courtroom 18A** to address these remaining issues.[1]

      In particular, the parties should be prepared to address, inter alia, the following:

1. Signal seeks Max's "entire unredacted claims file" and specifically "those documents identified in Exhibit A" to its motion to compel. (Signal Mem. at 4). However, Exhibit A consists solely of a list of Bates numbers and does not identify any of the documents. Moreover, it does not match up to the privilege log that Max has presented to the Court as Exhibit C to the Straus Declaration dated April 26, 2012. In addition, Max has stated that "[t]he overwhelming majority of [its] file prepared prior

---

[1] The Court has selected this date and time given that the parties are otherwise scheduled to appear before Judge Oetken for a pre-motion conference on the same date at 11:45 a.m. (Doc. No. 152). As the Court has a settlement conference that morning beginning at 10 a.m., it expects the hearing to last no longer than one hour. The parties should contact chambers in advance to confirm the location of the hearing.

USDC SDNY
DATE SCANNED 7/3/12

to the commencement of this lawsuit has already been produced." (Max Opp. Mem. at 1). Accordingly, the parties should be prepared to explain to the Court precisely which documents from Max's claims file are still at issue, and to do so with greater particularity than has been provided to date. To this end, I direct the parties to meet and confer in advance of the July 20 conference to see whether they can narrow their dispute as to these claims file documents, and to the extent it remains unresolved, for Max to bring any disputed documents to the July 20 conference for potential in camera review if it becomes necessary.

2. In seeking documents in Max's possession constituting "reports or updates on Signal's claim from the Nourse and Bowles law firm," Signal contends that "[d]iscovery revealed" that Max's former counsel, Larry Bowles, "acted as de facto adjuster" for the dry dock claims. (Signal Mem. at 4.) It had previously argued as much at the conference before the Court in September, 2011, and in particular its counsel noted that "[t]here's a lot of emails and communications during the fall of 2009, well before the lawsuit, where [] Bowles through Max and Max's claims man admitted that basically [] Bowles took over the adjustment of the claim." (See Transcript of September 15, 2011 Proceedings ("Tr.") at 11:18-21). However, none of these emails or other communications have been presented to the Court as part of Signal's motion to compel. Moreover, the affidavit of Cody Whittington dated April 26, 2012, submitted in opposition to Signal's motion, avers that "[o]n or about March 18, 2010, Max retained Nourse & Bowles in connection with the insurance coverage issues in this lawsuit. This was the first communication between Max and Nourse &

2

Bowles." (Whittington Affidavit, ¶ 7; see also Max Opp. Mem. at 3.) Given this statement, it is not clear how Bowles acted as the de facto adjuster for the dry dock claims in 2009. The parties should be prepared to address this discrepancy in the context of Signal's discovery demand.[2]

3. Finally, the parties should be prepared to address the privilege log that Max has denominated "Privilege Log of Irrelevant Documents," which is attached as Exhibit E to the April 26, 2012 Straus Declaration, and whether there is any dispute arising there from.

Should the parties resolve any or all of these remaining issues in advance of the July 20 hearing, they should promptly advise the Court by letter.

**SO ORDERED.**

Dated: July 3, 2012
       New York, New York

*[signature]*

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to all counsel.**

---

[2] As part of the meet and confer to take place before the July 20 hearing, the parties should also further discuss these issues.