# LeBlanc | Bland



**DAVID S. BLAND**
Attorney-at-Law
Admitted in LA, TX
Email: dbland@leblancbland.com
Cell: (281) 900-8545

**New Orleans Office:**
909 Poydras St., Suite 1860
New Orleans, Louisiana 70112
Office: (504) 528-3088
Fax: (504) 586-3419

**Houston Office:**
1717 St. James Place, Suite 360
Houston, Texas 77056
Office: (713) 627-7100
Fax: (713) 627-7148

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/12

RECEIVED
JUL 27 2012
CHAMBERS OF
JAMES L. COTT
U.S.M.J.

July 27, 2012

**BY FAX**
Honorable James L. Cott
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Fireman's Fund Insurance Company et al. v. Great American Insurance Company of New York, et al.*; Civil Action 10-cv-01653

Dear Magistrate Judge Cott:

Pursuant to Your Honor's directions at the hearing on July 20, 2012, Signal International, L.L.C. ("Signal") writes to provide an update on its position with regard to the matters addressed in Your Honor's Order of July 3, 2012 (Rec. Doc. 153) and discussed at that hearing with counsel for Max Specialty Insurance Company ("Max Specialty").

Tracking the numbers in that Order, Signal would like to advise the Court as follows:

(1) With respect to item (1) of the Order, Counsel for Max Specialty has advised that there were a few additional file redacted notes over which no privilege is asserted and that these have now been produced on July 26, 2012. Counsel for Max Specialty has advised Signal that all other non-privileged documents from the Max Specialty claims file have been produced.

In addition, Signal is still seeking clarification from Max Specialty with regard to the large loss memorandum referred to in Mr. Whittington's deposition. It appears that Max Specialty believed that the document Signal was requesting was a document entitled "Large Loss Report", dated November 9, 2009 (Bates Stamped MSI03772A) and referred to by Mr. Whittington in his deposition at pages 178 to 180. However, Signal was, in fact, requesting that Max Specialty produce what appears to be a different document discussed by Mr. Whittington earlier in his deposition at pages 85 to 86. Signal understands that counsel for Max Specialty is attempting to locate this document such

www.LeBlancBland.com

USDC SDNY
DATE SCANNED 7/30/12

July 27, 2012
Page 2

    that a determination can be made as to its production. Signal respectfully requests that if this document is located and withheld by Max Specialty, a copy be provided to the Court for *in camera* review and a determination as to whether it should be produced.

(2) Signal has agreed to withdraw on a without prejudice basis its motion to compel from Max Specialty the reports, updates or other documents relating to Signal's claim from the Nourse & Bowles law firm subject to Max Specialty entering into a stipulation that:

    a. Max Specialty will not seek to call Mr. Bowles (or any other attorney from the law firm of Nourse & Bowles) as a witness in this case, except possibly for the limited purpose of serving as a rebuttal witness to Signal's bad faith claims (and subject to Signal's right to object to such testimony); and,

    b. Max Specialty will not seek to use, rely on or refer to any documents in the Nourse & Bowles' files that have not otherwise been produced.

The parties are working on this stipulation but anticipate that this will resolve the issues identified in item (2) of the Court's Order.

(3) As the parties advised at the hearing, there is no dispute with regard to item (3) in the Court's order.

We trust that this letter addresses all of the issues raised by Your Honor's Order of July 3, 2012 (Rec. Doc. 153) and discussed at the hearing on July 10, 2012. We also confirm that a draft of this letter was sent to counsel for Max Specialty for confirmation that it accurately reflected the position of the parties.

    Respectfully submitted,

    David S. Bland

DSB:rtv

cc: Stephen D. Straus / Adam Krause (Counsel for Max Specialty)(via Email)
    John Nicoletti / Robert Novak (Counsel for Fireman's Fund)(Via Email)
    George Zacharkow / Stephen Galati (Counsel for Great American)(Via Email)
    Steve Kyne (Co-Counsel for Signal)(Via Email)

Given this report from Signal's counsel, the remaining issues in its motion to compel appear to have been resolved or are in the process of being resolved. Accordingly, the Clerk is directed to close docket #144, with the understanding that Signal may renew its motion to compel as to the "large loss memorandum" should it be necessary, as well as to the issues identified in item (2) of the Court's July 3 Order (Dkt. No. 153) should the parties not finalize the stipulation described herein. SO ORDERED. Jws L. Cott, USMJ 7/30/12