NICOLETTI HORNIG & SWEENEY
John A.V. Nicoletti (JN-7174)
Attorneys for Plaintiffs
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel: (212) 220-3830
Fax: (212) 220-3780
Our File No.: 42000055 JAVN/RAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE
COMPANY, ONE BEACON INSURANCE
COMPANY, NATIONAL LIABILITY AND
FIRE INSURANCE COMPANY and QBE
MARINE & ENERGY SYNDICATE 1036,

       Plaintiffs,

   -against-

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK, MAX
SPECIALTY INSURANCE COMPANY
and SIGNAL INTERNATIONAL, LLC

       Defendants.
------------------------------------------------------------X

**ECF CASE**

10-cv-1653 (JPO)

**DECLARATION OF
JOHN A.V. NICOLETTI, ESQ.
IN SUPPORT OF
PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT
AGAINST DEFENDANT
MAX SPECIALTY
<u>INSURANCE COMPANY</u>**

   I, JOHN A.V. NICOLETTI, do hereby declare under the penalties of perjury as follows:

   1.  I am a member of the firm of Nicoletti Hornig & Sweeney, attorneys for Plaintiffs Fireman's Fund Insurance Company ("FFIC"), One Beacon Insurance Company ("One Beacon"), National Liability and Fire Insurance Company ("National Liability") and QBE Marine & Energy Syndicate 1036 ("QBE") in the above-entitled action, am duly admitted to the practice of law before the State and Federal Courts of New York including

this Honorable Court, and am fully familiar with the facts and circumstances surrounding this litigation including the pleadings and proceedings heretofore had herein.

2. This Declaration is submitted in support of Plaintiffs' Motion for Summary Judgment against Defendant Max Specialty Insurance Company ("Max Specialty") pursuant to Rule 56 of the Federal Rules of Civil Procedure. The purpose of this Declaration is to present the relevant evidence before the Court.

3. A true and correct copy of the Complaint filed on March 2, 2010 [Docket No. 1] is annexed hereto as Exhibit "1".

4. A true and correct copy of Defendant Max Specialty's Second Amended Answer filed on March 18, 2011 [Docket No. 101] is annexed hereto as Exhibit "2".

5. True and correct copies of the relevant pages of the transcript of the deposition of James "Trip" Morano held on June 29, 2011 are annexed hereto as Exhibit "3".

6. True and correct copies of the relevant pages of the transcript of the deposition of Richard Cody Whittington held on June 30, 2011 are annexed hereto as Exhibit "4".

7. True and correct copies of the relevant pages of the transcript of the deposition of Joyce Johnson held on April 18, 2011 are annexed hereto as Exhibit "5".

8. True and correct copies of the relevant pages of the transcript of the deposition of John Bullock held on April 20, 2011 are annexed hereto as Exhibit "6".

9. True and correct copies of the relevant pages of the transcript of the deposition of Vernon Ewing held on April 19, 2011 are annexed hereto as Exhibit "7".

10. True and correct copies of the relevant pages of the transcript of the deposition of John Haley held on April 13, 2011 are annexed hereto as Exhibit "8".

11. A true and correct copy of the deposition exhibit previously marked as Morano Exhibit 202 is annexed hereto as Exhibit "9".

12. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 101 is annexed hereto as Exhibit "10".

13. A true and correct copy of the deposition exhibit previously marked as Morano Exhibit 196 is annexed hereto as Exhibit "11".

14. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 103 is annexed hereto as Exhibit "12".

15. A true and correct copy of the deposition exhibit previously marked as Morano Exhibit 201 is annexed hereto as Exhibit "13".

16. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 104 is annexed hereto as Exhibit "14".

17. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 108 is annexed hereto as Exhibit "15".

18. A true and correct copy of the deposition exhibit previously marked as Ewing Exhibit 139 is annexed hereto as Exhibit "16".

19. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 110 is annexed hereto as Exhibit "17".

20. A true and correct copy of the deposition exhibit previously marked as Ewing Exhibit 138 is annexed hereto as Exhibit "18".

21. A true and correct copy of the deposition exhibit previously marked as Johnson Exhibit 109 is annexed hereto as Exhibit "19".

22. A true and correct copy of the deposition exhibit previously marked as Ewing Exhibit 130 is annexed hereto as Exhibit "20".

23. A true and correct copy of the deposition exhibit previously marked as Whittington Exhibit 213 is annexed hereto as Exhibit "21".

24. A true and correct copy of the deposition exhibit previously marked as Whittington Exhibit 237 is annexed hereto as Exhibit "22".

25. A true and correct copy of the deposition exhibit previously marked as Bullock Exhibit 154 is annexed hereto as Exhibit "23".

26. A true and correct copy of the deposition exhibit previously marked as Bullock Exhibit 155 is annexed hereto as Exhibit "24".

27. A true and correct copy of the deposition exhibit previously marked as Bullock Exhibit 156 is annexed hereto as Exhibit "25".

28. A true and correct copy of the deposition exhibit previously marked as Ewing Exhibit 144 is annexed hereto as Exhibit "26".

29. A true and correct copy of the deposition exhibit previously marked as Whittington Exhibit 221 is annexed hereto as Exhibit "27".

30. A true and correct copy of the deposition exhibit previously marked as Whittington Exhibit 222 is annexed hereto as Exhibit "28".

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of August 2012 at New York, New York.

_____
JOHN A.V. NICOLETTI (JN-7174)

X:\Public Word Files\42\55\Legal\Declaration of JAVN in Supp. of Motion for SJ Against Max Specialty.8.8.12.vw.s.mm(final).doc

4