# EXHIBIT 23

| | |
|---|---|
| From: | Bullock, John |
| Sent: | Monday, February 22, 2010 7:46 PM |
| To: | 'Mark Cheglikov'; 'Cody Whittington' |
| Cc: | Baker, John |
| Subject: | Signal International -Drydock |

Mark & Cody,

Thank you again for your participation in today's call, relative to the above captioned claim. As promised I am including my responses to Mark's letter that will include the following two comments.

You write that the Primary policy defines Debris removal specifically to be an "Additional Coverage" and Debris removal is not direct physical loss or damage. My opinion is Debris removal is the result of a direct physical loss or damage covered under the Westchester primary. The Max policy form follows that of the primary and was issued after reviewing the Westchester binder evidencing this coverage.

However, even if we were to concede this portion of coverage Section 10 paragraph two of the Priority of Payments section clarifies the following:

> For the purpose of attachment of coverage for excess layers, it is further agreed that loss involving any interest and/or peril covered in the primary or underlying excess layers, but excluded in higher excess layers, shall be recognized by such excess layers as eroding or exhausting the occurrence limits of the primary and/or underlying excess layer(s). Nothing herein, however shall be deemed to extend coverage in such excess layer(s) to include loss from the specifically excluded peril in the excess layer(s) itself.

The aforementioned Max wording is clear that $5m of Debris removal can erode part of the primary $10m of coverage.

Lastly, as we review some preliminary numbers from direct damage and business interruption we feel that this could all be moot based on a total loss of both policies.

Best Regards,

John

John J Bullock
President
Willis of MS, Inc.

251-544-0203


EXHIBIT
154
J. Bullock