# EXHIBIT 24

## Baker, John

| | |
|---|---|
| **From:** | Baker, John |
| **Sent:** | Thursday, March 18, 2010 4:13 PM |
| **To:** | 'Steve Boesen' |
| **Cc:** | 'Cunningham, Chris'; Lisa Spears |
| **Subject:** | RE: Signal |
| **Attachments:** | Sienna@maxspecialty.com_20100216_164823.pdf; Re Signal International -Drydock.htm; Signal -DryDock Claim-maxletter.htm |

Thank you for your response. Please push Mr. Cruikshank for his report so we can get this moving.

In response to your question as to whether the insured wishes to allocate a portion of the ACE claim, I refer you to page 4 of Mr. Cheglikovs letter to Signal above wherein he states that the insured does not have the right to allocate under the Westchester policy. He goes on to say that any attempt to allocate on Signals part would not be acceptable to Max. Mr. Bullock disagreed with this position in writing (Also attached above) and this is another item that has never been responded to by Max. The MGL carriers refused to pay until the insured coughed up the $5 million subject to the allocation and Max says that the allocation is unacceptable. Please understand the no win position our insured was put in. This prompted the letter to Cody in the third attachment above.

Please get back with us with a timetable to resolve the property claim as soon as possible.

---

**From:** Steve Boesen [mailto:Steve.Boesen@maxspecialty.com]
**Sent:** Tuesday, March 16, 2010 1:13 PM
**To:** Baker, John
**Subject:** Signal

John,
　　Following up on the voicemail I left you, this matter has been referred to me based on the apparent lack of communication with respect to our position on this matter. The intent of this e-mail is to apprise you of Max Specialty's current position and the remaining outstanding issues that I am happy to clear up. As I am hopeful you know, the TIV you've listed below for the dry dock is approximately $1.3 million higher than the previously represented figure, an increase that is purportedly due to improvements and betterments the insured is now asserting with respect to the value. It is our understanding the insured's designated adjuster Ken Cruikshank met with the insured last week to validate this increase and as of this writing we have yet to see his report.
　　Additionally, your computation below charges the $10,000,000 ACE payment entirely to the Property portion of the claim. Please verify for us that in fact the insured does wish to allocate the entire ACE policy as you've outlined below.

| | |
|---|---|
| TIV - Drydock | $ 14,969,980.00 |
| Rental Equipment | $ 138,018.75 |
| Total | $ 15,107,998.75 |
| Payment by ACE Westchester | $ (10,000,000) |
| DUE AND OWING | $ 5,107,998.75 |



Finally, any commitment to or payment by Max Specialty, whether partial or final will be made only with the

advice of counsel. We have been diligently attempting to retain conflict-free counsel, but to date our efforts have been thwarted. We hope to have this issue resolved this week and will advise all immediately when this has been accomplished.

My apologies for the lack of communication on our part, and if you perceive the problem repeats itself I would ask that you contact me immediately. Please also advise if you would like communications to involve both you and John Bulluck of your organization so that we can avoid any misdirected information going forward.

Thanks and feel free to call me at your convenience.


**Steve Boesen**
**Vice President and Claims Manager**
**Max Specialty Insurance Company**
*9020 Stony Point Parkway, Suite 325*
*Richmond, VA 23235*
*(804)287-6940*
*Steve.boesen@maxspecialty.com*

The information contained in this email message is confidential and may be privileged.
If you are not the intended recipient, any distribution or copying is strictly prohibited.
If you think that you received this email in error, please notify the sender immediately and des

Save a tree, please don't print this email unless you really need to.

3/31/2010

WILLIS02625